UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DETROY LIVINGSTON,
                    Plaintiff,

                                        PRISONER CIVIL RIGHTS COMPLAINT
                                        PURSUANT TO 42 U.S.C. §1983.

           V.
                                        Docket No. 08CV6576L(FE)

JAMES ESCROW, G. HARVEY, KEITH
DUBRAY, JOHN DOE, WILLIAM BILLS,
BRIAN FISCHER, in their individ-
ual capacity; and NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SER-
VICES, in its official capacity,
                    Defendants.
                                        Non  Jury Trial Demanded
_____

     Plaintiff, Detroy Livingston in **pro se** makes this complaint against defendants James Escrow, Keith Dubray, William Bills, John Doe, Brian Fischer, G. Harvey, in their individual capacity; and New York State Department of Correctional Services, in its official capacity, hereby alleges as follows:

                                PARTIES

____1. Plaintiff, Detroy Livingston was in the custody of the New York State Department of Correctional Services and housed at the Elmira Correction Facility at the time the acts about which he now complains occurred.

  2. Upon information and belief defendant James Escrow was employed by the New York State Department of Corrections as a disciplinary hearing officer at Elmira Correction Facility at the time the acts about which Plaintiff now complains oc-

1

curred.

3. Upon information and belief defendant G. Harvey was employed by the New York State Department of Corrections as correction sergeant at Elmira Correction Facility at the time the acts about which Plaintiff now complains occurred.

4. Upon information and belief defendant Keith Dubray was employed by the New York State Department of Corrections as Director, Special Housing Inmate Disciplinary program at the the acts about which Plaintiff now complains occurred.

5. Upon information and belief defendant William Bills was employed by New York State Department of Corrections as a correspondence official in Elmira Correction Facility at the time the acts about which Plaintiff now complains occurred.

6. Upon information and belief defendant Brian Fischer was employed by the New York State Department of Corrections as the commissioner at the time the acts about which Plaintiff now complains occurred.

7. Upon information and belief defendant John Doe was employed by New York State Department of Corrections as a staff member in Elmira Correction Facility mail room at the time the acts about which Plaintiff now complains occurred.

8. Upon information and belief defendant New York State Department of Correctional Services (DOCS) had custody and control of Plaintiff at the time the acts about which is being complain of occurred.

## JURISDICTION

9. Jurisdiction is properly laid in this Court pursuant to 28 U.S.C. §1343 since this action arises under the provisions

2

of the First, Sixth, Eight and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. §1983.

## VENUE

10. Venue is properly placed in the Western District of New York because the acts giving rise to Plaintiff's current claims occurred in the Western District of New York, specifically at the Elmira Correction Facility, in Elmira, New York.

## FACTS
### Disciplinary Hearing

11. On April 27, 2007, Plaintiff was in the custody of the New York State Department of Correctional Services and housed at Elmira Correction Facility.

12. At approximately 7:00pm on April 27, 2007, correction officer (c.o.) J. Aloi collected a urine specimen from Plaintiff.

13. On May 2, 2007, about 10:06am Plaintiff unine specimen was alleged to have been tested positive for cannabinoids by c.o. Nowaczyk.

14. On May 3, 2007, Plaintiff was served with a misbehavior report written by c.o. Nowaczyk charging him with Use of a Controlled Substance (113.24).

15. On May 2, 2007, Plaintiff chose five employee assistances to help him obtain documentary evidence to defend against the misbehavior report.

16. On May 6, 2007, at approximately 9:00am defendant Harvey made an initial meeting with Plaintiff where he requested that Doctor Alves, the Pharmacist and c.o. Nowaczyk be called as witnesses to the hearing. Plaintiff also requested that defendant G. Harvey get him documents on Naproxen, including the cross-

reaction list, and the telephone number for the company that manufacture the medication Naproxen.

17. On May 7, 2007, defendant Harvey returned back to Plaintiff without the documentations for Naproxen, including the cross-reaction list, nor the telephone number of the Naproxen manufacturer. Defendant Harvey did state that the requested witnesses will be called at the hearing.

18. Plaintiff refused to sign off on the assistant form due to the inadequate assistance that defendant Harvey provided.

19. On May 10, 2007, approximately 12:44pm defendant James Escrow commenced the disciplinary hearing regarding the prison charge Use of a Controlled Substance (113.24).

20. Defendant Escrow refused to call c.o. Nowaczyk and the medication manufacturer as witnesses.

21. Defendant Escrow also denied Plaintiff the documents regarding the cross-reaction list that the painkiller Naproxen is on because it gives false positive for cannabinoid.

22. On several occasion defendant Escrow paused the hearing recorder, while Plaintiff was arguing his defense of the misbehavior report, unbeknownst to Plaintiff until he listened to the audio tape while preparing his administrative appeal.

23. On May 15, 2007, defendant Escrow found Plaintiff guilty of "drug use", and sentenced him to three months in SHU with loss of phone, commissary and package privileges.

24. On July 24, 2007 defendant Keith Dubray affirmed defendant Escrow's disposition, dismissing Plaintiff's administrative appeal.

## ATYPICAL HARDSHIP

25. While Plaintiff was doing the SHU time defendant Escrow sentenced him to he was transferred to Upstate Correction Faci-

4

lity (C.F.), which is in Northern New York near the Canadian border.

26. Plaintiff's family and friends did not visit him due to the far distance they would have to travel to get to Upstate C.F.

27. While Plaintiff was doing the 90 days SHU time he was given an additional 15 months in SHU.

28. Plaintiff lost $714.33 worth of his personal property while doing the SHU time.

29. When Plaintiff completed the SHU time he was transferred to Wende C.F., which is in Western New York near the Canadian border.

30. Plaintiff's family and friends is having a difficult time visiting him due to the long distance they will have to travel to Wende C.F.

31. Plaintiff is suffering these atypical hardships because of the SHU time defendant Escrow sentenced him to, and defendant Keith Dubray Affirmed, and because defendant G. Harvey provided inadequate employee assistance.

## DENIAL ACCESS TO THE COURTS

32. In July of 2006 Plaintiff went to Auburn C.F., to take care of a lost property claim pending in the Court of Claims.

33. Plaintiff stayed approximately two weeks out to court in Auburn C.F.

34. When Plaintiff returned to Elmira C.F., he went back to the same cell (I2-6) he was housed in before he left to go to the Court of Claims.

35. On his return to I2-6cell Plaintiff immediately started

getting his mail, including legal mail, that the facility mail room staff was holding when he was out to court.

36. On August 17, 2006, Plaintiff signed for a legal letter from the New York State Court of Appeals.

37. The facility mail room staff, including William Bills and John Doe had this legal letter from the Court of Appeals since approximately July 28, 2006.

38. In this letter from the Court of Appeals Clerk Stuart M. Cohen requested that Plaintiff "[a]dditional submissions, if any, must be mailed within three weeks after the date of this letter, and a copy must be served on the adverse party", the letter was dated July 26, 2006.

39. Because defendants Bills and Doe held Plaintiff's legal letter from him until August 17, 2006, he missed a chance to send the Court Clerk, one copy of each party's submissions filed in the intermediate appellate court, the needed documents that the Judges needed to make an informed ruling on the issues filed in the lower courts.

40. Plaintiff's application was in fact dismissed by Chief Judge Judith S. Kaye on August 17, 2006, the same day that defendants Bills and Doe finally decided to send the legal letter to Plaintiff.

41. The defendants Bills and Doe maintained, at all times relevant herein, policies, procedures and customs which deprived Plaintiff of his constitutional rights, his right of access to the court was violated, and his appeal to the Court of Appeals was dismissed.

42. Plaintiff filed a grievance concerning the holding of his legal mail and missing the filing deadline due to this act.

43. Defendant Bills responded to Plaintiff's grievance and admitted to holding the legal mail, and also stated that the procedure and policy of holding the legal mail will be chanced.

44. The defendant Brian Fischer maintained, at all relevant times herein, policies, procedures and customs, which deprived Plaintiff of his constitutional rights, his right of access to the court was violated, and his appeal to the Court of Appeals was dismissed.

45. The defendant New York State Department of Correctional Services created and maintained, at all times relevant herein, policies, procedures, and customs, which deprived Plaintiff of his constitutional rights, his right of access to the courts were violated, and his appeal to the Court of Appeals was dismissed due to these practices.

## FIRST CAUSE OF ACTION
### Due Process Violation by Defendant Escrow

46. Plaintiff hereby repeats and realleges each and every allegations contained in Paragraphs 1-45 above, as if the same were fully set forth herein.

47. On May 15, 2007 defendant Escrow found Plaintiff guilty of the charge contained in the May 2, 2007 inmate misbehavior report.

48. In so doing, defendant Escrow was acting under the color of state law since he used his position as a hearing officer to find Plaintiff guilty of the charge contained in the May 2, 2007 Inmate misbehavior report.

49. Defendant Escrow ignored Plaintiff's due process rights since he was denied the opportunity to present evidence and witnesses on his behalf.

7

50. Ultimately, Plaintiff was found guilty of the charge filed against him by c.o. Nowaczyk.

51. As a result, Plaintiff was sentenced to three months in the Special Housing Unit (SHU), with loss of privileges.

52. The time Plaintiff served in SHU as a result of the filed charge constitutes and resulted in significant and atypical hardship.

## SECOND CAUSE OF ACTION
### Due Process Violation by Defendant Harvey

53. Plaintiff hereby repeats and realleges each and every allegations contained in Paragraphs 1-52 above, as if the same were fully set forth herein.

54. On May 7, 2007 approximately 9:00am, defendant Harvey denied Plaintiff adequate assistance.

55. In so doing, defendant Harvey was acting under the color of the state law since he used his position as a employee assistant to deny Plaintiff adequate assistance in providing documentary evidence and witnesses to defend against the May 2, 2007 misbehavior report.

56. Defendant Harvey ignored Plaintiff's due process rights since he was denied the opportunity to present evidence and witnesses on his behalf.

57. Plaintiff was found guilty of the charge filed against him by c.o. Nowaczyk.

58. As a result, Plaintiff was sentenced to three months in SHU with loss of privileges.

59. Due to the time Plaintiff served in SHU as a result of the filed charge, he was subjected to significant and atypical hardship.

8

### THIRD CAUSE OF ACTION
### Due Process Violation by Defendant Dubray

60. Plaintiff hereby repeats and realleges each and every allegations contained in Paragraphs 1-59 above, as if the same were fully set forth herein.

61. On July 24, 2007 defendant Dubray affirmed the determination finding Plaintiff guilty of the charge contained in the May 2, 2007 misbehavior report.

62. In so doing, defendant Dubray was acting under the color of state law since he used his position as Director of Special Housing of the Inmate Disciplinary Program to affirm the guilty determination against Plaintiff concerning the charge contained in the May 2, 2007 misbehavior report.

63. Defendant Dubray ignored Plaintiff's due process right since he affirmed a determination in which it was apparent that Plaintiff was denied the opportunity to present evidence, witnesses, and received inadequate employee assistance on his behalf at the underlying hearing.

64. Plaintiff was found guilty of the charge filed against him by c.o. Nowaczyk.

65. As a result, Plaintiff was sentenced to three years in SHU, with loss of privileges.

66. The time Plaintiff served in SHU as a result of the hearing disposition and affirmed by defendant Dubray, Plaintiff suffered significant and atypical hardship.

### FOURTH CAUSE OF ACTION
### Access to the Court Violation by Defendant Doe

67. Plaintiff hereby repeats and realleges each and every allegations contained in Paragraphs 1-66 above, as if the same

9

were fully set forth herein.

68. Defendant Doe wrongfully, at all times relevant herein, held Plaintiff's legal mail from the Clerk's office of the New York State Court of Appeals, dated July 26, 2006, until the filing deadline expired.

69. In so doing, defendant Doe was acting under the color of state law since he used his position as Elmira C.F., mail room staff to withhold Plaintiff's legal mail until the court set filing deadline had expired.

70. Defendant Doe withheld Plaintiff's legal mail with knowledge that it would infringe on his right of access to the court.

71. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which he did not receive until August 17, 2006, coincidently this was the same date that the writ of error coram nobis motion was dismissed by the Court of Appeals.

72. Plaintiff application to file an appeal in the Court of Appeals was untimately dismissed on August 17, 2006.

73. As a result, Plaintiff is unable to have his writ of error coram nobis motion heard by the Court of Appeals, nor any other court.

### FIFTH CAUSE OF ACTION
### Access to the Court Violation By Defendant Bills

74. Plaintiff hereby repeats and realleges each and every allegations contained in Paragraphs 1-73 above, as if the same were fully set forth herein.

75. Defendant Bills wrongfully maintained, at all times relevant herein, policies, procedures and customs, which deprived

Plaintiff his right of access to the courts.

76. Defendant Bills wrongly held Plaintiff's legal mail from the Clerk's office of the New York State Court of Appeals dated July 26, 2006, until the filing deadline expired.

77. In so doing, defendant Bills was acting under the color on state law since he used his position as Elmira C.F., mail room official to withhold Plaintiff's legal mail until the court filing deadline had expired.

78. Defendant Bills withheld Plaintiff's legal mail with knowledge that it would infringe on his right of access to the courts.

79. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which was received by him on August 17, 2006, coincidently this was the same date that the writ of error coram nobis motion was dismissed by the Court of Appeals.

80. Ultimately, Plaintiff's application to file an appeal in the Court of Appeals was dismissed on August 17, 2006.

81. As a result Plaintiff is unable to have his writ of error coram nobis motion heard by the Court of Appeals, nor by any other courts.

### SIXTH CAUSE OF ACTION
Access to the Court Violation by Defendant Fischer

82. Plaintiff hereby repeats and realleges each and every allegations contained in Paragraphs 1-81 above, as if the same were fully set forth herein.

83. Defendant Fischer wrongfully maintained, at all times relevant, policies, procedures and customs, which deprived Plain-

11

tiff his rights of access to the courts.

84. In so doing, defendant Fischer was acting under the color of state law since he used his position as commissioner of New York State Department of Correctional Services (DOCS) to maintain the policies, procedures and customs which infringed on Plaintiff's right to access the courts.

85. Defendant Fischer's policies, procedures and customs of withholding legal mail infringed on Plaintiff's right to access the courts.

86. Defendant Fischer's policies, procedures and customs of holding legal mail contributed to Plaintiff missing a filing deadline in the Court of Appeals.

87. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which he received on August 17, 2006, coincidently this was the same date that the writ of error coram nobis motion was dismissed by the Court of Appeals.

88. Plaintiff's application to file an appeal in the Court of Appeals was ultimately dismissed on August 17, 2006.

89. As a result, Plaintiff is unable to have his writ of error coram nobis motion heard by the Court of Appeals.

### SEVENTH CAUSE OF ACTION
### Access to the Court Violation by Defendant
### **New York State Department of Correctional Services**

90. Plaintiff hereby repeats and realleges each and every allegations contained in Paragraphs 1-89 above, as if the same were fully set forth herein.

91. Defendant New York State Department of Correctional Services (DOCS) created and maintained, at all times relevant,

policies, procedures and customs, which deprived Plaintiff of his right to access the courts.

92. In so doing, defendant DOCS was acting under the color of state law law, and having possession of Plaintiff, due to his incarceration in the prisons maintained by defendant DOCS and it having custody, care and control of him, created and maintained policies, procedures and customs, which infringed on Plaintiff's right to access the courts.

93. Defendant DOCS policies, procedures and customs of withholding legal mail infringed on Plaintiff's right to access the courts.

94. Defendant DOCS policies, procedures and customs of holding legal mail contributed to Plaintiff missing a filing deadline in the Court of Appeals.

95. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which was not received by him until August 17, 2006, coincidently this was the same date that the writ of error coram nobis motion was dismissed by the Court of Appeals.

96. Plaintiff's application to file an appeal in the Court of Appeals was ultimately dismissed on August 17, 2006.

97. As a result, Plaintiff is unable to have his writ of error coram nobis motion heard by the Court of Appeals.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Detroy Livingston pray this Court issue judgment in his favor for the following reliefs:

i. Issue a declaratory judgment, declaring that the defendants violated Plaintiff's Federal Constitutional rights when they:

13

    a. deprived Plaintiff of his rights to call witnesses, at his superintendent disciplinary proceedings;

    b. deprived Plaintiff of his rights to prepare a defense thereto by denying him documents;

    c. denied Plaintiff adequate employee assistance;

    d. deprived Plaintiff of forms explaining the refusal to call witnesses;

    e. deprived Plaintiff of an impartial hearing officer to determine the charges;

  ii. Issue an Injunction relief, declaring that the defendants violated Plaintiff's Federal Constitutional rights when they:

    a. withheld the letter from the Court of Appeals dated July 26, 2006;

    b. denied Plaintiff the opportunity to submit necessary documents to the Court of Appeals;

    c. deprived Plaintiff access to the Court of Appeals;

    d. withheld the letter from the Court of Appeals until the deadline to file necessary documents had expired;

    e. deprived Plaintiff the from the Court of Appeals until the Court of Appeals dismissed his writ of error coram nobis motion on August 17, 2006;

  iii. Declaring that Plaintiff is entitle to reasonable attorney fees, and the costs associated with prosecuting this action.

  iv. Granting Plaintiff compensatory damages against each defendant in the amount of five hundred thousand dollars ($500,000).

  v. Granting Plaintiff punitive damages against each defendant in the amount of one million dollars ($1,000,000).

  vi. Granting an Injunction relief that Plaintiff Writ of

Error Coram Nobis motion must be heard the New York State Court of Appeals as soon as possible.

vii. Plaintiff also pray for such further and other relief as this Court may deem just, proper and equitable.

*[signature]*
Detroy Livingston, Plaintiff

Sworn to before me this
__11__ day of ___Dec.___, 2008

*[signature]*
Notary

MARIAN DUMINUCO
Notary Public, State of New York
Qualified in Erie County
Commission Expires _____

15