UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------

DETROY LIVINGSTON,
          Plaintiff,

                                        PRISONER CIVIL RIGHTS
                                        COMPLAINT PURSUANT TO
                                        42 U.S.C. § 1983

                                        DOCKET NO. 08-CV-6576L(FE)

          V.                              NON JURY TRIAL DEMANDED.

JAMES ESCROW, G. HARVEY, KEITH
DUBRAY, JOHN DOE, WILLIAM BILLS,
GLENN GOORD, RENEE GATES, KAROL         AMENDED COMPLAINT
B. MANGUM, LEONARD JOBLOVE,
CHARLES J. HYNES, N.R. WHITTEN,
in their individual capacity.                             Defendants.
------------------------------------------------------------

      Plaintiff, Detroy Livingston in pro se makes this complaint against defendants James Escrow, Keith Dubray, William Bills, John Doe Glenn Goord, G. Harvey, Renee Gates, Karol b. Mangum, Leonard Joblove, Charles J. Hynes, N.R. Whitten, in their individual capacity, hereby alleges as follows:

## PARTIES

      1. Plaintiff, Detroy Livingston was in the custody of the New York State Department of Correctional Services (DOCS) and incarcerated at the Elmira Correctional facility at the time the acts about which Plaintiff now complains occurred.

      2. Upon information and belief defendant James Escrow was employed by DOCS as a disciplinary hearing officer at Elmira Correctional Facility at the time the acts about which Plaintiff now complains occurred.

3. Upon information and belief defendant G. Harvey was employed by DOCS as correction sergeant at Elmira Correction Facility at the time of the acts about which Plaintiff now complains occurred.

4. Upon information and belief defendant Keith Dubray was employed by the DOCS as Director, Special Housing Inmate Disciplinary Program at the time the acts about which plaintiff now complains occurred.

5. Upon information and belief defendant William Bills was employed by DOCS as a correspondencre official in El,ira Correctional Facility at the time the acts about which Plaintiff now complains occurred.

6. Upon information and belief defendant Glenn Goord was employed by DOCS as the commissioner at the time the acts about which Plaintiff now complains occurred.

7. Upon information and belief defendant John Doe was employed by DOCS as a staff member in Elmira Correctioinal Facility mail room at the time the acts about which Plaintiff now complains occurred.

8. Upon information and belief defendant Renee Gates was employed by DOCS as a staff member in Elmira Correctional Facility mail room at the time the acts about which Plaintiff now complais occurred.

9. Upon information and elief defendant Charles J. Hynes was the District Attorney of Kings County at the time the acts about which Plaintiff now complains occurred.

10. Upon information and belief defendant Karol B. Mangum was the Asssistant District attorney of Kings County at the time the acts about which Plaintiff now complains occurred.

11. Upon information and belief defendant Leonard Joblove was the Assistant District Attorney of Kings County at the time the acts about which Plaintiff now complains occurred.

12. Upon information and belief defendant N.R. Whitten was employed by DOCS as Deputy Superintendent of Programs at Elmira Correction Facility at the time the acts about which Plaintiff now complains occurred.

## JURISDICTION

13. Jurisdiction is properly laid in this Court pursuant to 28 U.S.C. §1343 since the action arises under provisions of the First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. §1983.

## VENUE

14. Venue is properly placed in the Western District of New York because the acts giving rise to Plaintiff's current claims occurred in the Western District of New York, specifically at the Elmira Correction Facility, in Elmira, New York.

## FACTS
### Disciplinary Hearing

15. On April 27, 2007, Plaintiff was in the custody DOCS, and incarcerated at Elmira Correction Facility.

16. At approximately 7:00 P.M. on April 27, 2007, correction officer (c.o.) J. Aloi collected a urine specimen from Plaintiff.

17. On May 2, 2007, about 10:06 A.M. Plaintiff urine specimen was alleged to have been tested positive for cannabinoids by c.o. Nowaczyk.

18. On May 3, 2007, Plaintiff was served with a misbehavior report written by c.o. Nowaczyk charging him with use of a Controlled Substance (113.24).

19. On May 2, 2007, Plaintiff chose five employee assistances to help him obtain documentary evidence to defend against the misbehavior report.

20. On May 6, 2007, at approximately 9:00 A.M. defendant Harvey made an initial meeting with Plaintiff where he requested that Doctor Alves, The Pharmacist and c.o. Nowaczyk be called as witnesses to the hearing. Plaintiff also requested that defendant G. Harvey get him documents on Naproxen, including the cross-reaction list, and the telephone number for the company that manufacture the medication Naproxen.

21. On May 7, 2007, defendant Harvey returned back to Plaintiff without the documentations for Naproxen, including the cross-reaction list, nor the telephone number of the Naproxen manufacturer. Defendant Harvey did state that the requested witnesses will be called at the hearing.

22. plaintiff refused to sign off on the assistant form due to the inadequate assistance that defendant Harvey provided.

23. On May 10, 2007, approximately 12:44 P.M. defendant James Esgrow commenced the disciplinary hearing regarding the prison charge Use of a Controlled Substance (113.24).

24. Defendant Esgrow refused to call c.o. Nowaczyk and the medication manufacturer as witnesses.

25. Defendant Esgrow also denied Pliantiff the documents regarding the cross-reaction list that the painkiller Naproxen is on because it give false positive for cannabinoid.

26. On several occasions defendant Esgrow paused the hearing recorder, while Plaintiff was arguing his defense of the misbehavior report,

unbeknownst to Plaintiff until he listened to the audio tape while preparing his administrative appeal.

27. On May 15, 2007, defendant Esgrow found Plaintiff guilty of "drug use", and sentenced hium to three months in SHU with loss of phone, commissary and package privileges.

28. On July 24, 2007, defendant Keith Dubray affirmed defendant Esgrow's disposition, dismissing Plaintiff's administrative appeal.

## ATYPICAL HARDSHIP

29. While Plaintiff was doing the SHU time defendant Esgrow sentenced him to, he was transferred to Upstate Correction Facility (C.F.), which is in Northern New York near the Canadian border.

30. Plaintiff's family and friends did not visit him due to the far distance they would have to travel to get to Upstate C.F.

31. While Plaintiff was doing the 90 days SHU time he was given an additional 15 months in SHU.

32. Plaintiff lost $714.33 worth of his personal property while doing the SHU time.

33. When Plaintiff completed the SHU time he was transferred to Wende C.F., which is in Western New York near the Canadian border.

34. Plaintiff's family and friends is having a difficult time visiting him due to the long distance the will have to travel to Wende C.F.

35. Plaintiff is suffering these atypical hardships because of the SHU time defendant Esgrow sentenced him to, and defendant Keith Dubray affirmed, and because defendant G. Harvey provided inadequate employee assistance.

## DENIAL ACCESS TO THE COURTS

36. In July of 2006 Plaintiff went to Auburn C.F., to take care of a lost property claim pending in the Court of Claims.

37. Plaintiff stayed approximately two weeks out to court in Auburn C.F.

38. When Plaintiff returned to Elmira C.F., he went back to the same cell (I2-6) he was housed in before he left to go to the Court of Claims.

39. On his return to I2-6 cell Plaintiff immediately started getting his mail, including legal mail, that the facility mailroom staff were holding when he was out to court.

40. On August 17, 2006, Plaintiff signed for a legal letter from the New York State Court of Appeals.

41. The facility mailroom staff, including William Bills, John Doe, Renee Gates and N.R. Whitten had the legal letter from the Court of Appeals since approximately July 28, 2006.

42. In this letter from the Court of Appeals Clerk Stuart M. Cohen requested that Plaintiff "[a]dditional submissions, if any, must be mailed within three weeks after the date of this letter, and a copy must be served on the adverse party", the letter was dated July 26, 2006.

43. Because defendants Bills, Gates, Doe and Whitten held Plaintiff's legal letter from him until August 17, 2006, he missed the deadline to send the cort clerk, one copy of each party's submissions filed in the intermediate appellate court, the requested documents that the Judges needed to make an informed ruling on the issues filed in the lower court.

44. Plaintiff's application was in fact dismissed by Chief Judge Judith S. Kaye on August 17, 2006, the same day that defendant Bills, Gates Doe and Whitten finally decided to send the legal letter to Plaintiff.

45. Defendants Bills, Gates, Doe and Whitten maintained, at all times relevant herein, policies, procedures and customs which deprived Plaintiff of his constitutional right, his right of access to the court violated, and his appeal to the Court of Appeals was dismissed.

46. Plaintiff filed a grievance concerning the holding of his legal mail and missing the filing deadline due to this act.

47. Defendant Bills responded to Plaintiff's grievance and admitted that the legal mail was held, and stated that the procedure and policy of holding the legal mail will be changed.

48. Defendant Glenn Goord maintained, at all relevant times herein, policies, procedures and customs, which deprived Plaintiff of his constitutional rights, his right of access to the court was violated, and his appeal to the Court of Apeals was dismissed.

49. Defendant Charles J. Hynes maintained, at all relevant times herein, policies, procedures and customs, which deprived Plaintiff of his constitutional rights, his right of access to the court was violated, and his appeal to the Court of appeals was dismissed due to the deliberate acts of the Kings County District attorney's office.

50. Defendant Karol B. Mangum caused Plaintiff's application to the court of appeals to be dismissed by deliberately causing him to miss a filing deadline.

51. Defenant Leonard Joblove caused Plaintiff's application to the Court of appeals to be dismissed by deliberately causing him to miss a filing deadline.

## FIRST CAUSE OF ACTION
### Due Process Violation by Defendant Esgrow

52. Plaintiff hereby repeats and realleges each and every allegations contained in Paragraphs 1-51 above, as if the same were fully set forth herein.

53. On May 15, 2007 defendant esgrow found Plaintiff guilty of the charge contained in the May 2, 2007 inmate misbehavior report.

54. In so doing, defendant Esgrow was acting under the color of state law since he used his position as a hearing officer to find Plaintiff guilty of the charge contained in the May 2, 2007 inmate misbehavior report.

55. Defendant Esgrow ignored Plaintiff's due pricess rights since he was denied the opportunity to present evidence and witnesses on his behalf.

56. Ultimately, Plaintiff was found gul\ilty of the charge filed against him by c.o. Nowaczyk.

57. As a result, Plaintiff was sentenced to three months in the Special Housing Unit (SHU), with loss of privileges.

58. The time Plaintiff served in SHU as a result of the filed charge constitutes and resulted in significant and atypical hardship.

## SECOND CAUSE OF ACTION
### Due Process Violation by Defendant Harvey

59. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-58 above, as if the same were fully set forth herein.

60. On May 7, 2007 approximately 9:00A.m., defendant harvey denied plaintiff adequate assistance.

61. In so doing, defendant Harvey was acting under the color of state law since he used his position as a employee assistant to deny Plaintiff adequate assistance in providing documentary evidence and witnesses to defend against the May 2, 2007 misbehavior report.

62. Defendant Harvey ignored Plaintiff's due process rights since he was denied the opportunity to present evidence and witnesses on his behalf.

63. Plaintiff was found guilty of the charge filed against him by c.o. Nowaczky.

64. As a result, Plaintiff was sentenced to three months in SHU with loss of privileges.

65. Due to the time Plaintiff served in SHU as a result of the filed charge, he was subjected to significant and atypical hardship.

### THIRD CAUSE OF ACTION
### Due Process Violation by Defendant Dubray

66. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-65 above, as if the same were fully set forth herein.

67. On July 24, 2007 defendant Dubray affirmed the determination finding Plaintiff guilty of the chage contained in the May 2, 2007 inmate misbehavior report.

68. In so doing, defendant Dubray was acting under the color of state law since he used his position as Director of SHU of the Inmate Disciplinary Program to affirm the guilty determination against Plaintiff concerning the charge contained in the May 2, 2007 misbehavior report.

69. Defendant Dubray ignored Plaintiff's due process right since he affirmed a determination in which it was apparent that Plaintiff was denied the opportunity to present evidence, witnesses and received inadequate employee assistance on his behalf at the underlying hearing.

70. Plaintiff was found guilty of the charge filed against him by c.o. Nowaczky.

71. As a result, Plaintiff was sentenced to three months in SHU, with loss of privileges.

72. The time Plaintiff served in SHU as a result of the hearing disposition and affirmed defendant Dubray, Plaintiff suffered significant and atypical hardship.

### FOURTH CAUSE OF ACTION
#### Access to the Court Violation by Defendant Doe

73. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-72 above, as if the same were fully set forth herein.

74. Defendant Doe wrongfully, at all times relevant herein, caused Plaintiff's legal mail from the Clerk's office of the New York State Court of Appeals, dated July 26, 2006, to be with held until the filing deadline expired.

75. In so doing, defendant Doe was acting under the color of state law since he used his position as Elmira C.F., mail room staff to withhold Plaintiff's legal mail until the court set filing deadline had expired.

76. Defendant Doe withheld Plaintiff's legal mail with knowledge that it would infringe on his right of access to the court.

77. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which he did not receive until August 17, 2006, coincidently this was the same sdate that the Writ of Error Coram Nobis motion was dismissed by the Court of Appeals.

78. Plaintiff application to file an appeal in the Court of Appeals was ultimately dismissed on August 17, 2006.

79. As a result, Plaintiff is unable to have his Writ of Erroe Coram Nobis motion heard by the Court of Appeals, nor any other court.

## FIFTH CAUSE OF ACTION
### Access to the Court Violation by Defendant Bills

80. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-79 above, as if the same were fully set forth herein.

81. Defendant Bills wrongfully maintained, at all times relevant herein, policies, procedures and customs, which deprived Plaintiff his right of access to the courts.

82. Defendant Bills wrongfully caused Plaintiff's legal mail from the Clerk's office of the New York State Court of Appeals, dated July 26, 2006, to be withheld until the filing deadline expired.

83. In so doing, defendant Bills was acting under the color of state law since he used his position as Elmira C.F., mail room official to withhold Plaintiff's legal mail until the court set filing deadline had expired.

84. Defendant Bills withheld Plaintiff's legal mail with knowledge that it would infringe on his right of access to the courts.

85. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which was received by him on August 17, 2006, coincidently this was the same date that the Writ of Error Coram Nobis motion was dismissed by the Court of Appeals.

86. Ultimately, Plaintiff's application to file an appeal in the Court of Appeals was dismissed on August 17, 2006.

87. As a result, Plaintiff is unable to have his Writ of Error Coram Nobis motion heard by the Court of Appeals, nor by any other court.

## SIXTH CAUSE OF ACTION
### Access to the Court Violation by Defendant Goord

88. Plaintiff hererby repeats and realleges each and every allegations contained in paragrapgs 1-87 above, as if the same were fully set forth herein.

89. Defendant Goord wrongfully maintained, at all times relevant, policies, procedures and customs, which deprived Plaintiff his rights of access to the courts.

90. In so doing, defendant Goord was acting under the color of state law since he used his position as commissioner of DOCS to maitain the policies, procedures and customs which infringed on Plaintiff's right to access the courts.

91. Defendant Goord's policies, procedures and customs of withholding legal mail infringed on Plaintiff's right to access the courts.

92. Defendant Goord's policies, procedures and customs of holding legal mail contributed to Plaintiff missing a filing deadline in the Court of Appeals.

93. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which he received on August 17, 2006, coincidently this was the same date that the Writ of Error Coram Nobis motion was dismissed by the Court of Appeals.

94. Plaintiff's application to file an appeal in the Court of Appeals was ultimately dismissed on August 17, 2006.

95. As a result, Plaintiff is unable to have his Writ of Error Coram Nobis motion heaard by the Court of Appeals, nor any other court.

### SEVENTH CAUSE OF ACTION
Access to the Court Violation by Defendant Hynes

96. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-95 above, as if the same were fully set forth herein.

97. Defendant Hynes wrongfully maintained, at all times relevant, policies, procedures and customs, which deprived Plaintiff his rights of access to the courts.

98. In so doing, defendant Hynes was acting under the color of state law since he used his position as district attorney of Kings county to maintain the policies, procedures and cudstoms which infringed on Plaintiff's right to access the courts.

99. Defendant Hynes' policies, procedures and customs caused the DOCS staff to withhold legal mail from Plaintiff infringed on his right to access the courts.

100. Defendant Hynes' policies, procedures and customs cause DOCS staff to withhold legal mail contributed to Plaintiff missing a filing deadline in the Court of Appeals.

101. Plaintiff was unable to meet the filing deadline contained in the Court of Appea;ls letter to him, dated July 26, 2006, the same date that the Writ of Error Coram Nobis motion was dismissed by the Court of Appeals.

102. Plaintiff's application to file an appeal in the Court of Appeals was ultimately dismissed on august 17, 2006.

103. As a result, Plaintiff is unable to have his Writ of Error Coram Nobis motion heard by the Court of Appeals, nor by any other court.

## EIGHTH CAUSE OF ACTION
### Access to the Court Violation by Defendant Mangum

104. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-103 above, as if the same were fully set forth herein.

105. Defendant Mangum wrongfully, at all times relevant herein, caused Plaintiff's legal mail from the Clerk's office of the New York State Court of Appeals, dated July 26, 2006, to be withheld until the filing deadline expired.

106. In so doing, defendant Mangum was acting under the color of state law since she used her position as assistant district attorney of Kings County to cause DOCS staff to withhold Plaintiff's legal mail until the court set filing deadline had expired.

107. Defendant Mangum caused Plaintiff's legal mail withheld with knowledge that it would infringe on his right of access to the court.

108. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which he did not receive until August 17, 2006, coincidently this was the same date that the Writ of Error Coram Nobis motion was dismissed by the Court of Appeals.

109. Plaintiff application to file an appeal in the Court of Appeals was ultimately dismissed on August 17, 2006.

110. As a result, Plaintiff is unable to have his Writ of Error Coram Nobis motion heard by the Court of Appeals, nor any other courts.

### NINETH CAUSE OF ACTION
Access to the Court Violation by Defendant Joblove

111. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-110 above, as if the same were fully set forth herein.

112. defendant Joblove wrongfully, at all times relevant herein, caused Plaintiff's legal mail from the Clerk's office of New York State Court of Appeals, dated July 26, 2006, to be withheld until the filing deadline expired.

113. In so doing, defendant Joblove was acting under the color of state law since he used his position as assistant district attorney of Kings County to cause DOCS staff to withhold Plaintiff's legal mail until the court set filing deadline had expired.

114. Defendant Joblove caused plaintiff's legal mail to be withheld with knowledge that it would infringe on his right of access to the court.

115. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which he did not

receive until August 17, 2006, coincidentally this was the same date that the Writ of Error Coram Nobis motion was dismissed by the Court of Appeals.

116. Plaintiff application to file an appeal in the Court of Appeals was ultimately dismissed on August 17, 2006.

117. As a result, Plaintiff is unable to have his Writ of Error Coram Nobis motion heard by the Court of Appeals, nor any other courts.

## TENTH CAUSE OF ACTION
### Access to the Court Violation by Defendant Gates

118. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-117 above, as if the same were fully set forth herein.

119. Defendant Gates wrongfully, at all times relevant herein, caused Plaintiff legal mail from the Clerk's office of the New York state Court of Appeals, dated July 26, 2006, to be withheld until the filing deadline expired.

120. In so doing, defendant Gates was acting under the color of state law since she used her position as Elmira C.F., mailroom staff to withhold Plaintiff's legal mail until the court set filing deadline had expired.

121. Defendant Gates withheld Plaintiff's legal mail with knowledge that it would infringe on his right of access to the court.

122. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, which he did not receive until August 17, 2006, coincidentally this was the same date that the Writ of Error Coram Nobis motion was dismissed by the Court of appeals.

123. Plaintiff application to file an appeal in the Court of Appeals was ultimately dismissed on August 17, 2006.

124. As a result, Plaintiff is unable to have his Writ of Error Coram Nobis motion heard by the Court of Appeals, nor any other court.

### ELEVENTH CAUSE OF ACTION
#### Access to the Court Violation by Defendant Whitten

125. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-124 above, as if the same were fully set forth herein.

126. Defendant Whitten wrongfully maintained, at all times relevant herein, policies, procedures and customs, which deprived Plaintiff his right of access to the courts.

127. Defendant Whitten wrongfully caused Plaintiff's legal mail from the Clerk's of the New York State Court of Appeals, dated July 26, 2006, withheld until the filing deadline expired.

128. In so doing, defendant Whitten was acting under the color of state law since she used her position as Elmira C.F., deputy superintendent of programs to withheld Plaintiff's legal mail until the court filing deadline had expired.

129. Defendant Whitten withheld Plaintiff's legal mail with knowledge that it would infringe on his right of access to the courts.

130. Plaintiff was unable to meet the filing deadline contained in the Court of Appeals letter to him, dated July 26, 2006, coincidentally this was the same date that the Writ of Error Coram Nobis motion was dismissed by the Court of Appeals.

131. Ultimately, Plaintiff's application to file an appeal in the Court of Appeals was dismissed on August 17, 2006.

132. As a result, Plaintiff is unable to have his Writ of Error Coram Nobis motion heard by the Court of Appeals, nor by any other courts.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Detroy Livingston pray this Court issue judgment in favor for the following reliefs:

i. Issue a declaratory judgment, declaring that the Defendants violated Plaintiff's Federal Constitutional rights when they:

　a. deprived Plaintiff of his rights to call witnesses, at his superintendent disciplinary proceedings;

　b. deprived Plaintiff of his rights to prepare a defense thereto by denying him documents;

　c. denied Plaintiff adequate employee assistance;

　d. deprived Plaintiff of forms explaining the refusal to call witnesses;

　e. deprived Plaintiff of an impartial hearing officer to determine the charges;

ii. Issue an Injunction relief, declaring that the defendants violated Plaintiff's Federal Constitutional rights when they:

　a. withheld the letter from the New York State Court of Appeals dated July 26, 2006;

　b. denied Plaintiff the opportunity to submit necessary documents to the Court of Appeals;

　c. deprived Plaintiff access to the Court of Appeals;

　d. withheld the letter from the Court of Appeals until the deadline to file necessary documents had expired;

e. deprived Plaintiff the letter from the Court of Appeals until the Court of appeals dismissed his Writ of Error Coram Nobis motion on August 17, 2006;

iii. Declaring that Plaintiff is entitled to reasonable attorney fees, and the costs associated with prosecuting this action.

iv. Granting Plaintiff compensatory damages against each defendant in the amount of Five Hundred Thousand Dollars ($500,000).

v. Grant Plaintiff punitive damages against each defendant in the amount of One Million Dollars ($1,000,000).

vi. Granting an Injunction relief that Plaintiff Writ of Error Coram Nobis motion must be heard by the New York State Court of Appeals as soon as possible.

vii. Plaintiff also pray for such further and other relief as this Court may deem just, proper and equitable.

*Detroy Livingston, Pro Se Plaintiff*
Attica Correctional Facility
Box 149
Attica, New York 14011

Sworn to before me this
1 day of NOV, 2010

_____
Notary

Dennis M. Rusinek
Notary Public, State of New York
Qualified in Erie County
My Commission Expires
June 29, 20 13

In the United States District Court
For the Western District of New York

DETROY LIVINGSTON,
            Plaintiff,

V.

JAMES ESGROW, et al
            Defendants.



RECEIVED
NOV 29 2010
Jonathan W. Feldman
U.S. Magistrate Judge
Western District of New York

DECLARATION OF SERVICE

Docket No. 08-CV-6576(L)(FE)

Detroy Livingston, hereby declares:

That a true copy of his Motion for Leave to file an Amended Complaint with a copy of the propose complaint was mailed to Emil J. Bove, Jr., the assistant attorney general handling this lawsuit for the defendants on the same date that this copy was sent to this Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Attica, New York on Nov. 23, 2010.

Detroy Livingston