UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DETROY LIVINGSTON

                                        Plaintiff,

v.

                                                                                               Case # 08-CV-6576-FPG

JAMES ESCROW,                                                     DECISION & ORDER
G. HARVEY,
KEITH DUBRAY,
WILLIAM BILLS,
RENEE GATES,
N.R. WHITTEN,

                                        Defendants.
_____

### I.    Background

*Pro se* Plaintiff Detroy Livingston, an inmate in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), on October 31, 2013, filed a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure seeking an order granting him a new trial following a jury verdict, finding no cause of action against Defendant Renee Gates[1] on the Complaint which alleged violations of Plaintiff's civil rights by the denial of due process and access to the courts pursuant to 42 U.S.C. § 1983, and the entry of judgment on October 25, 2013. ECF No. 166. Plaintiff, who represented himself during the four-day jury trial, seeks a new trial based upon allegations that (1) the jury reached a seriously erroneous

---

[1] Defendants James Escrow, G. Harvey, Keith Dubray, N.R. Whitten, and William Bills were dismissed from the action on Defendants' motions made pursuant to Fed. R. Civ. P. 50.

result; (2) the verdict is a miscarriage of justice; and (3) the verdict is against the weight of the evidence. *Id.* More to the point, Plaintiff contends that a new trial is warranted because he presented documentary evidence during the jury trial supporting his claim that the Defendants intentionally withheld and delayed delivery of a letter from the New York State Court of Appeals until a deadline set by that Court for him to file additional submissions had passed, thereby, denying his constitutional right to access to the courts. *Id.*

Defendants have responded in opposition to Plaintiff's motion by filing a Declaration ("Def.'s Decl."), wherein they assert that the motion should be denied as a matter of law because Plaintiff has failed to meet the rule's requirements for a new trial. ECF No. 168. Specifically, Defendants contend that Plaintiff has failed to demonstrate that the verdict was seriously erroneous or a miscarriage of justice because he "did not meet several required elements to establish liability against any of the defendants," the jury justly weighed the evidence and the credibility of the witnesses, and the "verdict was just because [Plaintiff] failed to prove by a preponderance of the evidence several elements of his claim, *inter alia*: that the Defendants' alleged conduct was intentional, that the Defendants' actions resulted in actual injury [] such as the dismissal of an otherwise meritorious legal claim." *Id.* Plaintiff timely submitted Plaintiff's Reply to Defendants' Declaration to Rule 59 Motion for a New Trial ("Pl.'s Reply"). ECF No. 169. For the reasons set forth herein below, the Plaintiff's motion for a new trial is denied.

**II.     Legal Standard**

Pursuant to Rule 59(a)(1), in general, a court, on motion, may order a new trial on all or some issues to any party, after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court, provided such motion is timely made within 28

days after the entry of judgment.[2] Fed. R. Civ. P. 59(a)(1). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple." *Carlson v. Parry*, 2-06-CV-6621P, 2013 U.S. Dist. Lexis 137902 at *17 (W.D.N.Y. September 24, 2013) (quoting *Kogut v. Cnty. of Nassau*, 2013 U.S. Dist. Lexis 102198, 2013 WL 3820826 (E.D.N.Y. 2013)) (internal quotation omitted).

The decision to grant a new trial pursuant to Rule 59(a) is committed to the sound discretion of the trial judge. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998). A new trial is justified when the trial judge, free to weigh the evidence himself, finds that "the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (Although the "trial judge is free to weigh the evidence himself, ... the court should only grant [a motion for a new trial] when the jury's verdict is 'egregious.'") (citing *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992)). On a motion for a new trial, the judge "need not view the evidence in the light most favorable to the verdict winner," and "[u]nlike a motion for judgment as a matter of law, a motion for a new trial may be granted even if there is substantial evidence to support the jury's verdict." *United States v. Landau*, 155 F.3d. 93, 104 (2d Cir. 1998) (citing *Bevenino v. Saydjari*, 574 F.2d 676, 683 (2d Cir. 1978); *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992)). While a "[j]ury's credibility assessments are entitled to deference, these principles of deference to the jury do not override the trial judge's duty to see that there is no miscarriage of justice." *Manley v. Ambase Corp.*, 121 F. Supp. 2d 758, 773 (S.D.N.Y. 2000) (citing *DLC Mgmt. Corp.* 163 F.3d at 104-05) (internal quotation marks omitted).

---

[2] Plaintiff's motion for a new trial is timely filed.

III.   Discussion

Here, giving to the jury the deference to which it is entitled, the verdict was not against the weight of the evidence. Plainly, upon review of the motion, the accompanying supporting documents, and the trial record, it is clear Plaintiff seeks to relitigate the same issues he raised at trial in reliance upon the same documentation which the jury reviewed and considered in reaching its adverse verdict. Clearly, Plaintiff disagrees with the outcome of the trial and steadfastly believes his claims to be meritorious. However, these concerns are insufficient as grounds for granting a new trial pursuant to Rule 59. Finding that the verdict was not egregious because Plaintiff failed to carry his burden of proving by a preponderance of the evidence the required elements of his § 1983 claims, I see no reason to disturb the jury's credibility assessments, or to alter their ultimate determination of no cause for action. Plaintiff's motion for a new trial should be denied.

**IV.   Conclusion**

For the reasons set forth herein above, Plaintiff's motion for a new trial pursuant Fed. R. Civ. P. 59(a)(1) (ECF No. 166), is hereby denied in its entirety.

IT IS SO ORDERED.

Dated: April 15, 2014
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge