1          UNITED STATES DISTRICT COURT

2          WESTERN DISTRICT OF NEW YORK

3

4

5  - - - - - - - - - - - - - X
   DETROY LIVINGSTON,                    08-CV-6576(G)
6               Plaintiff
   vs.
7                                        Rochester, New York
   JAMES ESGROW, ET AL.,                 October 24, 2013
8               Defendant.               8:30 a.m.
   - - - - - - - - - - - - - X
9

10
              TRANSCRIPT OF PROCEEDINGS
11     BEFORE THE HONORABLE FRANK P. GERACI, JR.
              UNITED STATES DISTRICT JUDGE
12

13

14              DETROY LIVINGSTON, PRO SE

15
                NYS ATTORNEY GENERAL OFFICE
16              BY: J. RICHARD BENITEZ, ESQ.
                Assistant Attorney General
17              144 Exchange Boulevard
                Rochester, New York 14614
18              Appearing on behalf of the Defendants

19

20

21

22
   COURT REPORTER:    Christi A. Macri, FAPR, RMR, CRR, CRI
23                    Kenneth B. Keating Federal Building
                      100 State Street, Room 4240
24                    Rochester, New York 14614

25

1                           <u>I N D E X</u>

2

3   Charge by Judge Geraci                    Page 216

4   Verdict                                   Page 245

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## P R O C E E D I N G S

\*          \*          \*

(**WHEREUPON**, the jury is not present).

**THE COURT:** Good morning.  Mr. Livingston, I
understand you're looking for a copy of Plaintiff's Exhibit 2?

**MR. LIVINGSTON:**  Yes.

**THE COURT:**  I have one here.  Anything before we
proceed?

**MR. BENITEZ:**  Nothing further.

**THE COURT:**  Mr. Livingston?

**MR. LIVINGSTON:**  No.

**THE COURT:** Thank you, we can bring the jury out.

(**WHEREUPON**, the jury is present).

**THE COURT:** Good morning, ladies and gentlemen.
Members of the jury, now that you've heard all the evidence in
the case, it now becomes my duty to instruct you on the law,
the rules and principles that will guide your deliberations.

In any jury trial, in effect, there are two judges.
I am one of the judges, the judge of the law; and you are the
other judge, the judge of the facts.  Over the next several
minutes I'll be reading you the law.  It's important I read it
to you because you have to receive it exactly as it provides.

As a judge of the facts it's important that you
make your determination in this case and reach your decision
and follow your sworn duty to follow the law as I instruct

1    you.  You must follow all my instructions as a whole.  You

2    have no right to disregard or to question the wisdom or the

3    correctness of the rules which I'm about to state to you.  You

4    must not substitute or follow your own notion or opinion as to

08:44:20AM 5    what the law is or what you think it ought to be.

6         It is your duty to apply the law exactly as I give

7    it to you regardless of the consequences.

8         You are to perform your duty without bias and

9    prejudice to any party.

08:44:35AM 10        The law does not permit jurors to be governed by

11   sympathy, by prejudice, or by public opinion.

12        It is expected you will carefully and impartially

13   consider all the evidence in this case, follow the law as

14   instructed by the Court, and reach a just verdict regardless

08:44:53AM 15   of the consequences.

16        The evidence in this case consists of the sworn

17   testimony of witnesses regardless of who may have called them;

18   and all the exhibits that were received in evidence regardless

19   of who may have produced those.

08:45:08AM 20        Statements and arguments of the parties are not

21   evidence.  Any evidence as to which an objection was sustained

22   by the Court and any evidence ordered stricken by the Court

23   must be disregarded by you.

24        Anything you may have seen or heard outside the

08:45:24AM 25   courtroom is not evidence and must be entirely disregarded.

1    You are to consider only the evidence in the case,

2  but in your consideration of the evidence, you are not limited

3  to the bald statements of the witnesses.  In other words,

4  you're not limited solely to what you see or hear as a witness

08:45:44AM 5  testifies.  You are permitted to draw from the facts which you

6  find have been proven such reasonable inferences as you feel

7  are justified in light of your experience.

8    There are two types of evidence which you may

9  properly use in deciding the fact issues in this case.  One

08:46:03AM 10  type of evidence is called direct evidence.  Direct evidence

11  is where a witness testifies what they saw, or heard, or

12  observed.

13    In other words, when a witness testifies about what

14  is known to them through their own knowledge by virtue of

08:46:19AM 15  their own senses, what they see, feel, touch or hear, that's

16  called direct evidence.

17    Circumstantial evidence is evidence which tends to

18  prove a disputed fact by proof of other facts.

19    There's a simple example of circumstantial evidence

08:46:36AM 20  which is often used.  Assume when you came into the courthouse

21  this morning the sun was shining and it was a nice day.  As

22  you were sitting here someone walked in with an umbrella which

23  was dripping wet, someone else walked in with a raincoat which

24  was also dripping wet.  Now, you cannot look outside of the

08:46:54AM 25  courtroom, and you cannot see whether or not it is raining so

1  you have no direct evidence of that fact.

2          However, based on the combination of facts which I

3  have asked you to assume, it would be reasonable and logical

4  for you to conclude that it had been raining.  That's all

08:47:10AM 5  there is to circumstantial evidence.

6          You infer on the basis of reason and experience and

7  common sense from an established fact the existence or the

8  non-existence of some other fact.

9          Circumstantial evidence is of no less value than

08:47:26AM 10  direct evidence.  For it is a general rule that the law makes

11  no distinction between direct and circumstantial evidence.

12          Nor is a greater degree of certainty required of

13  circumstantial evidence than direct evidence.  You should

14  weigh all the evidence in the case, direct and circumstantial,

08:47:43AM 15  in deciding the fact issues in this case.  If a party asks a

16  witness a question which contains an assertion of fact, you

17  may not consider the assertion as evidence of that fact.

18          The parties' statements are not evidence whether

19  the statements are made during opening or closing or during

08:48:05AM 20  the case.

21          If any reference by the Court or by the parties to

22  matters of evidence does not coincide with your recollection,

23  it is your recollection which should control during your

24  deliberations.

08:48:19AM 25          During the course of the trial I may have

1 occasionally asked questions of witnesses in order to bring

2 out facts not then fully covered in the testimony.  Do not

3 assume that I hold any opinion as to the matters to which my

4 questions may have been addressed or related.  In short, you

08:48:35AM 5 should not view anything that the Court did or said as any

6 indication that I have any opinion on a fact issue in this

7 case.  It is your province to decide the issues in this case

8 and not the Court's.

9 As you know, the defendant has proceeded -- excuse

08:48:52AM 10 me.  The plaintiff has proceeded pro se in this case, which

11 means he's proceeding without the assistance of counsel,

12 representing himself.  That is his right.  And that should in

13 no way have any effect on your determination of the issues in

14 this case.

08:49:12AM 15 It's the duty of a party on each side of the case

16 to object when the other side offers testimony or other

17 evidence which that party believes is not properly admissible.

18 You should not show prejudice against a party because that

19 party made objections.  Upon allowing testimony or other

08:49:29AM 20 evidence to be introduced over the objections of a party, the

21 Court does not, unless expressly stated, indicate any opinion

22 as to the weight or effect of such evidence.

23 As stated before, you are the sole judges of the

24 credibility of all witnesses and the weight and the effect of

08:49:47AM 25 all evidence.

1          When the Court has sustained an objection to a

2     question addressed to a witness, then the jury must disregard

3     the question entirely.  You may draw no inference from the

4     wording of it or speculate as to what the witness would have

08:50:02AM 5     said if they had been permitted to answer the question.

6          When we began this trial I did advise you, members

7     of the jury, that the plaintiff is in custody.  Again, that

8     fact has nothing to do with the merits of this case and you're

9     not to speculate regarding his custodial status or let that in

08:50:26AM 10    any way affect your determination.

11         This is a civil case, and as such the plaintiff has

12    the burden of proving the material allegations of his

13    complaint by a fair preponderance of the evidence.

14         If after considering all the evidence you are

08:50:39AM 15    satisfied that the plaintiff has carried his burden on each

16    essential point as to the burden of proof, then you must find

17    for the plaintiff on his claim.  If after such consideration

18    you find the testimony of both parties to be balanced or

19    equally probable, then the plaintiff has failed to sustain his

08:51:00AM 20    burden and you must find for the defendant.

21         The party with the burden of proof on any issue has

22    the burden of proving every disputed element of his claim by a

23    preponderance of the evidence.  If you conclude that the party

24    bearing the burden of proof has failed to establish his claim

08:51:19AM 25    by a preponderance of the evidence, then you must decide

1   against him on the issue you are considering.  What does a

2   preponderance of the evidence mean?  To establish a fact by a

3   preponderance of the evidence means to prove that a fact is

4   more likely true than not true.

08:51:38AM 5          A preponderance of the evidence means the greater

6   weight of the evidence, it refers to the quality and the

7   persuasiveness of the evidence.  Not the number of witnesses

8   or the number of documents.  In determining whether a claim

9   has been proven by a preponderance of the evidence, you may

08:51:55AM 10   consider the relevant testimony of all witnesses regardless of

11   who may have called them, and all the relevant exhibits

12   received in evidence regardless of who may have produced

13   those.

14          If you find that the credible evidence on a given

08:52:12AM 15   issue is evenly divided between the parties, it is equally

16   probable that one side is right as it is that the other side

17   is right, then you must decide that issue against the party

18   having this burden of proof.

19          That is because the party bearing this burden must

08:52:28AM 20   prove more than simple equality of evidence, must prove that

21   element at the time by a preponderance of the evidence.

22          On the other hand, the party with the burden of

23   proof need prove no more than a preponderance of the evidence,

24   as long as you find that the scales tip, however slightly in

08:52:47AM 25   favor of the party with this burden of proof, that what the

1    party claims is more likely true than not true, then the

2    element will have been proven by a preponderance of the

3    evidence.

4          Some of you may have heard the term "beyond a

08:53:04AM 5    reasonable doubt," which is the proper standard of proof in a

6    criminal trial.  That requirement does not apply in a civil

7    case such as this and you should put that particular standard

8    out of your mind.

9          Now, I want to talk about witnesses and how to

08:53:19AM 10    evaluate their testimony.  It must be clear to you by now that

11    you are being called to resolve various factual issues raised

12    by the parties in light of very different pictures painted by

13    both sides.  You must determine these issues, and in doing

14    that you will have to determine what witnesses to believe.  In

08:53:41AM 15    other words, you are the judges or determiners of the

16    believability or credibility of the witnesses.

17          You must determine what weight to give to the

18    testimony of each witness.  You have the right to accept any

19    witness' testimony completely or to reject it completely; you

08:53:57AM 20    may accept a witness' testimony in part and reject it in part.

21    How do you determine whether the -- where the truth lies and

22    whether to credit a witness' testimony?

23          You should use all the tests for truthfulness that

24    you would use in determining matters of importance to you in

08:54:16AM 25    your every day life.  You should carefully scrutinize all the

1  testimony given, the circumstances under which a witness

2  testified, and every matter in evidence which tends to show

3  whether a witness is worthy of belief.

4  Consider the witness' intelligence, state of mind,

08:54:33AM 5  demeanor, manner while testifying on the witness stand.

6  How did the witness appear?  What was their

7  demeanor?  That is, their behavior, manner and appearance

8  while testifying.  Consider the witness' ability to observe

9  the matters as to which the witness testified.  Consider

08:54:53AM 10  whether the witness had an accurate recollection of the

11  matters in question.

12  Consider the opportunity the witness had to see,

13  hear or know the things about which they testified.  The

14  accuracy of their memory, their candor or lack of candor and

08:55:09AM 15  the reasonableness and probability of their testimony and its

16  consistency or lack of consistency in its corroboration or

17  lack of corroboration with other credible testimony.

18  You may also consider the motive that a witness has

19  to testify.  You may consider the relation any witness may

08:55:29AM 20  bear to either side of the case, the witnesses in the outcome

21  of the case and the manner in which the witness might be

22  affected by the verdict.

23  You may consider any bias or hostility the witness

24  may have shown for any party or against any party.  In other

08:55:46AM 25  words, what you must try to do in deciding credibility is size

1  up the witness in light of all the factors I've just mentioned

2  and in light of your common sense, your good judgment and your

3  own life experience and determine whether the witness is

4  worthy of belief.

08:56:03AM 5        Inconsistencies and discrepancies in the testimony

6  of a witness or between the testimony of different witnesses

7  may or may not cause a jury to discredit such testimony.  Two

8  or more persons witnessing an incident or transaction may see

9  or hear it differently.  An innocent misrecollection, like

08:56:22AM 10  failure to recall, is not an uncommon experience.  In weighing

11  the effect of a discrepancy, always consider whether it

12  pertains to a matter of importance or an unimportant detail

13  and whether the discrepancy results from innocent error or

14  intentional falsehood.

08:56:40AM 15        After making this judgment, you will give the

16  testimony of each witness such credibility that you feel it

17  deserves.

18        You may have heard testimony that a witness made a

19  statement on an earlier occasion which the party argues is

08:56:54AM 20  inconsistent with the witness' trial testimony.

21        Of course, you must determine if the prior

22  statement is truly inconsistent.  In general, evidence of a

23  prior inconsistent statement was placed before you for the

24  limited purpose of helping you decide whether to believe the

08:57:12AM 25  trial testimony of the witness who contradicted themselves.

1      If you find that the witness made an earlier
2  statement that conflicts with their trial testimony, you may
3  consider that fact in deciding how much of their testimony, if
4  any, to believe.

08:57:31AM 5      The law does not require the parties to call as
6  witnesses all persons who may have been present at any time or
7  place involved in the case or may appear to have some
8  knowledge of the matters in issue at this trial.

9      Nor does the law require the parties to produce all
08:57:48AM 10  the exhibits, all papers, and all things mentioned in the
11  evidence.  However, judging the credibility of the witnesses
12  who have testified and in considering the weight and the
13  effect of all the evidence that has been produced, the jury
14  may consider the party's failure to call other witnesses or
08:58:05AM 15  produce other evidence in the case to be in existence and
16  available.

17      In this particular case, members of the jury, the
18  plaintiff has testified that he was attempting to appeal
19  various issues related to a criminal conviction.  The
08:58:26AM 20  underlying basis of those criminal acts are irrelevant to your
21  determination here and you're not to let it in any way effect
22  your determination.  You may consider the interest or lack of
23  interest of any witness in the outcome of the case, the bias
24  or prejudice of a witness if there's any, the appearance,
08:58:47AM 25  manner in which the witness gives their testimony, the

1  opportunity the witness had to observe the facts concerning

2  about which they testified, the probability or improbability

3  of the witness' testimony in view, in light of all the

4  evidence in the case.  These are all items that you should

08:59:05AM 5  take into consideration in determining the weight, if any,

6  that you will assign to a witness' testimony.

7  In connection with your evaluation of the

8  credibility of the witnesses, you should specifically consider

9  evidence of resentment or anger which some witnesses may have

08:59:23AM10  toward a party or that a witness may have against another

11  witness.

12  Evidence that a witness is biased, prejudiced or

13  hostile toward a party requires you to view that witness'

14  testimony with caution, to weigh it with care and subject it

08:59:38AM15  to close and searching scrutiny.

16  At this time I'm going to turn to the cause of

17  action in this case.  There's one cause of action that the

18  plaintiff alleges the law to be applied in this case. It is a

19  federal civil rights law which provides a remedy for

09:00:08AM20  individuals who have been deprived of their constitutional

21  rights under color of state law.

22  Section 1983 of Title 42 of the United States Code

23  provides as follows: Every person, who under color of any

24  statute, ordinance, regulation, custom or usage of any state

09:00:30AM25  or territory or the District of Columbia, subjects or causes

to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be subject -- shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Section 1983 creates a federal remedy for persons who have been deprived by state officials of rights, privileges and immunity secured by the United States Constitution and federal statutes.

The plaintiff has the burden of proving each essential element of a 1983 claim by a preponderance of the evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true. If you find that any of the essential elements of the plaintiff's 1983 claim has not been proven by a preponderance of the evidence, then you must return a verdict for the defendant.

To establish a claim under Section 1983, the plaintiff must establish by a preponderance of the evidence the following elements.

First, that the acts complained of were committed by the defendant acting under color of state law.

Two, that in committing these acts the defendant intentionally or recklessly deprived the plaintiff of rights,

privileges or opportunities secured by the Constitution or
laws of the United States.

Three, that the defendant's acts were the proximate
cause of the injuries sustained by the plaintiff.

Now, we'll examine each of these elements in
detail.  The first element of the plaintiff's claim that the
conduct complained of was committed by the defendant acting
under color of state law.  "Actions under color of state law"
means that the defendant claims to be acting pursuant to
authority given them by the state even if he is misusing that
authority.

The term "state" here also encompasses any
political subdivision of the state, such as a county or city
or any other state, county or city agencies.

Whether the plaintiff -- defendant, I'm sorry,
committed the acts alleged by the plaintiff is a question of
fact for you the jury to decide.

Assuming that the defendant did commit those acts,
I instruct you that since the defendant purported to be taking
those acts in capacity as an official of the State of New York
at the time of the acts in question, the defendant here was
acting under color of state law.

The second element of the plaintiff's claim is that
the defendant in committing the acts complained of
intentionally or recklessly deprived the plaintiff of a

1  federal right.  In order for the plaintiff to establish this

2  second element, he must show that those acts that you have

3  found the defendant to, under color of state law, caused the

4  plaintiff to suffer the loss of a federal right and that in

09:03:54AM 5  performing those acts the defendant acted with an intent to

6  deprive the plaintiff of his rights, or the reckless disregard

7  of those rights.

8         To prove the second element of this claim the

9  plaintiff must not only show that the defendant's act deprived

09:04:10AM 10  the plaintiff of a federal right, but also that the defendant

11  took those acts with the intent to deprive the plaintiff of

12  his rights or the reckless indifference to those rights.  An

13  act is intentional if it is done voluntarily and deliberately

14  and not because of mistake, accident, negligence, or some

09:04:32AM 15  other innocent reason.

16         Please note that intent can be proved directly or

17  it can be proved by reasonable inference from circumstantial

18  evidence.

19         An act is reckless if done in conscious disregard

09:04:47AM 20  of its known probable consequences.  In other words, even if

21  the defendant did not intentionally seek to deprive the

22  plaintiff of the plaintiff's rights, if nevertheless they

23  purposefully disregarded the high probability that their

24  actions would deprive the plaintiff of the plaintiff's rights

09:05:03AM 25  then the second element would be satisfied.

1          The third element which the plaintiff must prove is

2     that the defendant's acts were the proximate cause of injuries

3     sustained by the plaintiff.  An act is the proximate cause of

4     an injury if it was a substantial factor in bringing about

09:05:21AM 5     that injury, if the injury was a reasonably foreseeable

6     consequence of the defendant's acts.

7          In this case the defendant, excuse me, the

8     plaintiff alleges a denial of his access to the courts.  The

9     plaintiff has the burden to prove that the acts of the

09:05:40AM 10     defendant Renee Gates deprived him of particular rights under

11     the United States Constitution.  In this case the plaintiff

12     alleges that the defendant deprived him of his rights under

13     the First Amendment to the Constitution; under the First

14     Amendment a citizen has a right to access to the courts.

09:06:01AM 15          To succeed in his claim of denial of access to the

16     courts, plaintiff must prove each of the following elements by

17     a preponderance of the evidence.

18          One, that the defendant Renee Gates did deprive him

19     of access to the courts by intentionally holding back his

09:06:20AM 20     legal mail.

21          An act is intentional if it is done voluntarily and

22     deliberately and not because of a mistake, accident,

23     negligence or other innocent reason.

24          Please note that intent can be proved directly or

09:06:34AM 25     can be proved by reasonable inference from circumstantial

1   evidence.

2          Two, that the defendant Renee Gates acted under

3   color of law.  By this I mean a person performs or claims to

4   perform official duties under any state, county or municipal

09:06:52AM 5   law, ordinance or regulation.

6          Three, that the defendant Renee Gates' conduct

7   hindered the plaintiff's efforts to pursue a meritorious legal

8   claim.

9          Four, the case which the plaintiff wanted to bring

09:07:09AM 10  to court was not frivolous.  A claim is frivolous if it is so

11  trivial that there is no chance it would succeed in court or

12  be settled out of court after it was filed.

13         And five, that the plaintiff was harmed by the

14  defendant Renee Gates' conduct.

09:07:27AM 15         If you find that the plaintiff has proved each of

16  these elements by a preponderance of the evidence, then you

17  should find for the plaintiff and go on to consider the

18  question of damages.

19         If, on the other hand, you find that the plaintiff

09:07:42AM 20  has failed to prove any one of these elements by a

21  preponderance of the evidence, then you should find for the

22  defendant and you will not then consider the issue in question

23  of damages.

24         I will now charge you on the law of damages.

09:08:03AM 25         My charge to you on the law of damages must not be

1    taken as an indication that you should find for the plaintiff.

2    It is for you to decide on the evidence presented based on the

3    rules of law that I provided to you whether the plaintiff is

4    entitled to recover from the defendant.

09:08:22AM 5         If you decide that the plaintiff is not entitled to

6    recover, then you need go no further.  Only if you decide that

7    the plaintiff is entitled will you consider the measure of

8    damages.

9         If you find that the plaintiff is entitled to

09:08:37AM 10   recover, you have in your discretion to award either nominal

11   or compensatory damages or combination of these damages.

12        Again, please keep in mind, any damage you may

13   award must be proximately caused by the conduct charged

14   against the defendant.

09:08:55AM 15        To say that the defendant's conduct was the

16   proximate cause of the plaintiff's injury is to say that the

17   injuries to the plaintiff followed naturally and directly from

18   the defendant's conduct.

19        The plaintiff has the burden on this issue to show

09:09:09AM 20   by a preponderance of the evidence that there was a causal

21   link or relationship between the defendant's conduct and his

22   damages.

23        Keep in mind that the damage award must be just and

24   reasonable and must not be excessive nor inadequate.

09:09:26AM 25        Damages must be reasonable.  If you should find

1  that the plaintiff is entitled to a verdict, you may award him

2  only such damages as will reasonably compensate him for such

3  injury and damages you find from a preponderance of the

4  evidence in the case that he has sustained as a proximate

09:09:47AM 5  result of the incident.

6       You are not permitted to award speculative damages.

7  Therefore, you're not to include in any verdict compensation

8  for any prospective loss if it's not reasonable to occur in

9  the future.

09:10:13AM 10       In order to recover compensatory damages, the

11  plaintiff must prove by a preponderance of the evidence that

12  the damages in question resulted from the wrongful conduct of

13  the defendant.  In other words, the plaintiff must first prove

14  by a preponderance of the evidence that the plaintiff actually

09:10:30AM 15  suffered those damages.

16       Plaintiff must also prove by a preponderance of the

17  evidence that the defendant's wrongful conduct was the cause

18  of those damages.

19       You may award compensatory damages for any

09:10:43AM 20  emotional distress, pain and suffering, inconvenience, mental

21  anguish, embarrassment, humiliation, or reputation suffered by

22  the plaintiff as a result of wrongful conduct by the

23  defendants.

24       If, however, you find that the plaintiff suffered

09:11:01AM 25  anguish, stress or other injuries, you may not award

1  compensatory damages if you find that the plaintiff would have

2  still suffered those damages even if the defendant had not

3  committed any wrongful act.

4          In other words, if you find that some factor other

09:11:16AM 5  than the defendant's conduct was the cause of an injury to the

6  plaintiff, then you may not award such damages to the

7  plaintiff in this case.

8          In determining the amount of any compensatory

9  damages that you decide to award, it should be decided solely

09:11:32AM 10  by the evidence and your common sense.

11          The law does not require the plaintiff prove the

12  amount of loss with mathematical precision.  No evidence of

13  monetary value of such intangible things as pain and suffering

14  has been or need be introduced into evidence in the trial.

09:11:50AM 15  There's no exact method for determining the amount of these

16  damages.  However, compensatory damages need not be based on

17  guesswork or sympathy; you must base it on the evidence

18  presented at trial and only that evidence.  Plaintiff has the

19  burden of proving any compensatory damages by a preponderance

09:12:10AM 20  of the evidence.

21          Nominal damages are awarded when a plaintiff has

22  been deprived by a defendant of a constitutional right, but

23  has suffered no actual damage as a natural consequence of that

24  deprivation.

09:12:25AM 25          The mere fact that a constitutional deprivation

1 occurred as an injury to the person entitled to enjoy that

2 right, even when no actual damages flow from the deprivation.

3 Therefore, if you find that the plaintiff has

4 suffered no actual injury as a result of the defendant's

09:12:42AM 5 conduct, other than the fact of a constitutional deprivation,

6 then you will award nominal damages not to exceed $1.

7 You will soon return to the jury room to decide

8 this case. In order to prevail the plaintiff must sustain his

9 burden of proof as I have just explained to you with respect

09:13:16AM 10 to each element of the cause of action. If you find that the

11 plaintiff has succeeded, you should return a verdict in his

12 favor.

13 If you find the plaintiff has failed to sustain the

14 burden on any element of the claim, then you should return a

09:13:30AM 15 verdict against the plaintiff.

16 It is your duty as jurors to consult with one

17 another, to deliberate with a view toward reaching an

18 agreement. Each of you must decide the case for yourselves,

19 but only after you had an opportunity to consider the case

09:13:47AM 20 with your fellow jurors and you should not hesitate to change

21 your opinion if convinced it is erroneous.

22 Your verdict must be unanimous. But you're not

23 bound to surrender your honest convictions concerning the

24 weight and the effect of the evidence for the mere purpose of

09:14:04AM 25 returning a verdict or solely because of the opinion of other

1  jurors.

2          Discuss and weigh your respective opinions

3  dispassionately without regard to sympathy, without regard to

4  prejudice or favor for either party and adopt that conclusion

09:14:20AM 5  which in your good conscience appears to be in accordance with

6  the truth.  Again, every one of you must make your own

7  decision about the proper outcome of this case based upon your

8  consideration of the evidence and your discussions with the

9  other jurors.

09:14:35AM 10          No juror should surrender their conscientious

11  belief solely for the purpose of returning a unanimous

12  verdict.  It is your duty to try the issues fairly and

13  impartially.  Your final determination of facts must be based

14  only on the evidence.  Each of you is entitled to your own

09:14:54AM 15  opinion, but you're required to exchange views with each

16  other.

17          That obviously is the purpose of jury

18  deliberations, to discuss and consider the evidence, listen to

19  the arguments and the reasons of your fellow jurors and to

09:15:08AM 20  present your own individual point of view and reach an

21  agreement if you solely and only on the evidence can do so

22  without violence to your own individual judgment.

23          If by chance you have a point of view that does not

24  agree with one of the other jurors, if you are persuaded that

09:15:25AM 25  the other point of view is justified based on the evidence,

1  there's no reason why you should hesitate to change your

2  judgment accordingly.  But, again, no juror should give up

3  their judgment unless they are satisfied that the indicated

4  result was required under the evidence and under the

09:15:44AM 5  instructions of the law that I provided to you.

6  Your verdict must be based solely on the evidence

7  or the lack of evidence.  It would be improper for you to

8  consider any personal feelings you may have about one of the

9  parties, about anybody's race, religion, national origin, sex,

09:16:02AM 10  or age.

11  It would be equally improper for you to allow any

12  feelings you have about the nature of the claim against the

13  defendant to influence you in any way.

14  Both parties in this case are entitled to a trial

09:16:16AM 15  free from prejudice.  Our judicial system cannot work unless

16  you reach a verdict through fair and impartial consideration

17  of the evidence.

18  There are a few remaining rules which you must

19  observe during your deliberation.  While you're here in the

09:16:33AM 20  courthouse deliberating, you will be kept together in the jury

21  room.  You may not leave the jury room during deliberations.

22  If you have any cell phones or any other electronic devices,

23  they will be collected by the court security officer to hold

24  for you while you're engaged in deliberations.

09:16:51AM 25  You must deliberate about the case only when you

1  are all gathered together in the jury room.  You must not, for

2  example, be discussing the case as you go to and from the

3  courtroom.

4          It's important that each juror have the opportunity

09:17:04AM 5  to hear whatever another juror has to say about the case.  And

6  that by law must only be done when you're all gathered

7  together in the jury room.

8          Thus, if for any reason you're not gathered

9  together in the jury room, you must stop deliberations until

09:17:20AM 10  you're all present in the jury room.

11          During your deliberations you must discuss the case

12  only among yourselves.  You must not discuss the case with

13  anybody else or permit anyone other than the fellow jurors to

14  discuss the case in your presence.

09:17:37AM 15          If you have a question, you must communicate with

16  me in writing.  We will provide you with sheets for that

17  purpose.  The law requires that you communicate with me in

18  writing in order to make sure there's no misunderstandings

19  about your communication.

09:17:54AM 20          I don't think anybody's taken notes, but any notes

21  that you did take are for your own aid in refreshing your own

22  independent recollection.

23          Those jurors who choose not to take notes must rely

24  on their own independent recollection, must not be influenced

09:18:12AM 25  by the notes of other jurors.  Any notes you take are for your

1  own personal use in refreshing your recollection.

2         Your notes are not a substitute for the recorded

3  transcript of the testimony.  Any discrepancy between your

4  recollection and your notes, you should ask to have the

09:18:27AM 5  relevant testimony read back to you.  As you can see, we have

6  a professional court reporter who is taking down everything

7  that's said during the course of this trial.  If you need any

8  testimony read back, that can be done.

9         In addition, your notes are not a substitute for

09:18:40AM 10  the detailed explanation of law I provided to you today.  If

11  there's any discrepancy between your notes and your

12  recollection, simply ask and I'll explain those principles to

13  you.

14         Any notes you do take are confidential; they will

09:18:54AM 15  not be available for inspection or review by any party.  And

16  after a jury has rendered its verdict, the notes will be

17  collected and they will be destroyed.

18         You're about to go into the jury room and begin

19  your deliberations.  If during the deliberations you want to

09:19:09AM 20  see any of the exhibits that were received in evidence, you

21  may request those and they will be brought to you in the jury

22  room.

23         If you want any testimony read back to you, you may

24  also request that, but please remember it's not always easy to

09:19:23AM 25  locate what you might want, so be as specific as possible so

1  that in your request we can easily find the testimony you are

2  requesting.

3          Your request for exhibits or testimony, in fact,

4  any communication with the Court, again, must be made in

09:19:40AM 5  writing, signed by the foreperson, provided to the court

6  security officer and then it will provided to the Court.

7          In any event, if you have to communicate with the

8  Court and ask any questions, do not in that note indicate the

9  status of your deliberations.  Simply ask your question.

09:19:59AM 10          Under our law, the first juror selected is known as

11  the foreperson during deliberations.  The foreperson's opinion

12  and vote are not entitled to any more importance than that of

13  any other juror.  What we ask the foreperson to do during

14  deliberations is to sign any written notes that the jury sends

09:20:15AM 15  to the Court; the foreperson's signature indicates that the

16  writing does come from the jury.

17          The foreperson may also chair the jury's

18  discussions during deliberations.  When the jury has reached a

19  verdict, the jury will be brought back into the courtroom, and

09:20:32AM 20  the foreperson will be asked to render the verdict in open

21  court.  Thereafter, the entire jury will be asked whether or

22  not that is, in fact, their verdict and they will have to

23  answer either yes or no.

24          Finally, upon the request of any party, each juror

09:20:49AM 25  will be asked individually whether the announced verdict is

1 the verdict of that juror and then upon being asked, each

2 juror will need to respond yes or no.

3       Juror number 1, then you will serve as the

4 foreperson of the jury since you were the first person that

09:21:05AM 5 was called and sworn.

6       After you've reached a verdict, the foreperson will

7 fill in the verdict form which I will provide to you, sign it,

8 date it, advise the court security officer outside that you're

9 ready to return to the courtroom.  I stress that each of you

09:21:21AM 10 should be in agreement with the verdict which will be

11 announced in court.  Once your verdict is announced by the

12 foreperson in open court and officially recorded, it cannot

13 ordinarily be revoked.

14       I have prepared a verdict sheet for your

09:21:37AM 15 consideration.  It will outline for you the options you have

16 during your deliberations.

17       If you have any questions regarding the verdict

18 sheet, simply ask and I'll respond to that question.

19       Parties approach side bar, please.

09:21:56AM 20       (**WHEREUPON**, a discussion was held at side bar out

21 of the hearing of the jury.)

22       **THE COURT:** That's the verdict sheet.  Do you have

23 any exceptions or requests?  We'll review this later.

24       **MR. BENITEZ:**  I have no exceptions, Judge.

09:22:24AM 25       **THE COURT:** Do you have any exceptions or requests?

1          **MR. LIVINGSTON:**  I didn't -- I might have missed

2 something.  Did you instruct on punitive damage.

3          **THE COURT:** No, I denied punitive damages.

4          **MR. LIVINGSTON:**  Oh, okay.

09:22:38AM 5          **THE COURT:** I didn't think there was sufficient

6 evidence to instruct them on punitive damages.

7          **MR. LIVINGSTON:**  Oh.

8          **THE COURT:** I'll give you a chance to review that.

9 Do you have any other exceptions or requests?

09:22:48AM 10          **MR. LIVINGSTON:**  No.

11          (**WHEREUPON**, side bar discussion concluded.)

12          **THE COURT:** At this time the courtroom deputy will

13 swear in the court security officer.

14          (**WHEREUPON**, the marshal was administered the oath).

09:23:09AM 15          **THE COURT:** Members of the jury, at this time I'm

16 about to submit this case to you for your final determination.

17 As I previously stated, the law and your oath require that you

18 render a verdict that will be fair and impartial without fear,

19 favor or sympathy.  Now, take this case in the fulfillment of

09:23:44AM 20 your oath in accordance with the instructions I provided to

21 you a true and impartial verdict render.

22          The jury may step down and begin your final

23 deliberations.

24          (**WHEREUPON**, the jury was excused at 9:23 a.m.)

09:24:02AM 25          **THE COURT:** At side bar counsel indicated they had

1   no objection to the verdict sheet.  That will be marked as

2   Court Exhibit 1 and provided to the jury.

3            At this time I would like to review the exhibits,

4   make sure that we have all the right exhibits as received.  I

09:24:47AM 5   have as received Plaintiff's Exhibits 1, 2, 4, 5, 6, 8, 9A,

6   9B, 9C, 10, 16, 18, 20, 21 and 22; is that right,

7   Mr. Livingston?

8            **MR. LIVINGSTON:**  Yes.

9            **THE COURT:** Okay.  Mr. Benitez?

09:25:32AM 10           **MR. BENITEZ:**  Yes, that's correct.

11           **THE COURT:** Okay.  Regarding the defendant's

12   exhibits, I believe Exhibit 408 was the only one that was

13   received.

14           **MR. BENITEZ:**  Yes, that's correct.

09:25:42AM 15           **THE COURT:**  Is that right?

16           **MR. LIVINGSTON:**  Yes.

17           **THE COURT:** Any objection to providing the exhibits

18   to the jury without reassembling the parties if they request

19   them?

09:25:49AM 20           **MR. LIVINGSTON:**  No, no objection.

21           **THE COURT:** Any objection?

22           **MR. BENITEZ:**  None.

23           **THE COURT:** Okay.  At this point the verdict sheet

24   has been marked as Court Exhibit 1.  It will be provided to

09:26:01AM 25   the jury.  Upon their request the exhibits will also be

1 | provided to them.  So at this time we'll stand in recess.

2 | **MR. BENITEZ:**  Thank you, Judge.

3 | (**WHEREUPON**, there was a pause in the proceeding.)

4 | **THE COURT:** We do have a verdict from the jury.  The

10:39:08AM 5 | Court did receive the verdict form to review it, I noticed

6 | what was missing was one other question, was your verdict

7 | unanimous?  So I need to send it back in and make sure the

8 | jury answers that particular question.  So I think we can hang

9 | tight, I'll have the clerk present it to the courtroom deputy

10:39:28AM 10 | who will then give it to the court security officer.

11 | For the record, I simply added on the verdict

12 | sheet:  Was your verdict unanimous with a question mark, yes

13 | or no.  And the jury has now responded to that.

14 | So at this time we'll bring the jury back to take

10:42:53AM 15 | the verdict.

16 | (**WHEREUPON**, the jury is present).

17 | **THE COURT:** The jury indicated they have reached a

18 | verdict.  The clerk will provide the foreperson with the

19 | verdict.

10:44:22AM 20 | I'd ask the foreperson, please rise as the

21 | courtroom deputy will ask you what your verdict was.

22 | **THE CLERK:** Do you find by a preponderance of the

23 | evidence that defendant Renee Gates intentionally violated

24 | plaintiff Detroy Livingston's right to access to the Court?

10:44:40AM 25 | **JURY FOREMAN:** No.

1          **THE CLERK:** Were defendant Renee Gates' actions the

2    proximate cause of damages sustained by the plaintiff Detroy

3    Livingston?

4          **JURY FOREMAN:** No.

10:44:48AM 5          **THE CLERK:** Was your verdict unanimous?

6          **JURY FOREMAN:** Yes.

7          **THE COURT:** Thank you.  You may be seated.  All of

8    the members of the jury, you heard the foreperson announce

9    your verdict to the Court.  Was that in all respects your

10:45:04AM 10    verdict?

11          **JURY FOREMAN:** Yes.

12          **THE COURT:** Jurors have indicated that is.  Either

13    party asking for a polling of the jury?

14          Mr. Livingston?

10:45:13AM 15          **MR. LIVINGSTON:**  No.

16          **THE COURT:** Mr. Benitez?

17          **MR. BENITEZ:**  No.

18          **THE COURT:** Okay.  Members of the jury, at this time

19    I want to thank you for the attention and the care you've

10:45:19AM 20    given to this case.  As I indicated when you were selected, we

21    cannot function in this system without individuals such as you

22    willing to put aside your personal and professional time to

23    serve as jurors.

24          Please know that the law of jealously guards the

10:45:34AM 25    secrecy of your deliberations, what you said, what the other

1   jurors said, what you decided may remain locked in that

2   secrecy.

3           What that means is basically that you need not

4   answer to anybody about what your verdict is.  If you want to

10:45:46AM 5   talk about the case once the verdict has been rendered, you're

6   free to do that, but nobody can make you do that.  That's

7   entirely within your control.

8           Please go with the full knowledge that you

9   fulfilled your responsibility as jurors.  At this time the

10:45:59AM 10   jury may step down and I'll come back and talk to you in a few

11   minutes.  You may step down at this time.

12           (**WHEREUPON**, the jury was excused).

13       **THE COURT:** At this time the Court will enter the

14   verdict of no cause against the defendant Renee Gates.  I want

10:46:37AM 15   to thank everybody for their cooperation throughout this

16   trial.

17           Mr. Livingston, do you want to say something?

18       **MR. LIVINGSTON:**  Yeah, would this be the

19   appropriate time for a directed verdict despite judgment?

10:46:53AM 20       **THE COURT:** Go ahead, sure.

21       **MR. LIVINGSTON:**  I think I proved my point to show

22   cause and I like to move for a directed verdict on -- from you

23   notwithstanding the verdict.

24       **THE COURT:** Okay.  Mr. Benitez?

10:47:13AM 25       **MR. BENITEZ:**  Basically I oppose that motion,

1   Judge, on the same grounds that I had provided to the Court on

2   my Rule 50 motion on those three bases.  One, that there was a

3   lack of personal involvement.

4          That there was an insufficient amount of facts to

10:47:29AM 5   support any finding in favor of the plaintiff regarding the

6   elements in this case.

7          And as to qualified immunity -- that the jury's

8   verdict was supported by the credible evidence and proof in

9   this case, Your Honor.  Therefore, I respectfully request that

10:47:48AM 10   the plaintiff's application be denied.

11   **THE COURT:**  Yes, the motion to set aside the verdict

12   is denied.  The Court does find that there was sufficient

13   evidence before the jury for their determination on issues of

14   fact and the application of law for the verdict that they

10:48:08AM 15   rendered and, therefore, the Court declines to set aside that

16   verdict.

17          Okay, thank you.  Anything else either party wanted

18   to say?

19   **MR. LIVINGSTON:**  No.

10:48:16AM 20   **MR. BENITEZ:**  Nothing further.

21   **THE COURT:**  I wish everybody good luck.  I know

22   everybody's got difficult jobs in these facilities, so I wish

23   you the best.

24          Mr. Livingston, you did a very good job in

10:48:28AM 25   presenting your case.  Obviously the purpose of these trials

1   is to give individuals an opportunity to present their case to

2   a jury, which you were able to do.  You took full advantage of

3   that and I think you did a good job as a pro se litigant.

4           Hopefully, you can use your skills in the proper

10:48:47AM 5   way so that when you're ultimately released to the community,

6   you can be a productive member.  I think if you use your

7   intelligence as you have in this court, there's no reason why

8   that can't be the case.

9           **MR. LIVINGSTON:**  Okay, thanks.

10:48:58AM 10           **THE COURT:** Good luck to all of you as well.  Thank

11  you.

12           (**WHEREUPON**, the proceedings adjourned at 10:49 a.m.)

13                        *    *    *

14                 **CERTIFICATE OF REPORTER**

15

16           In accordance with 28, U.S.C., 753(b), I certify that

17  these original notes are a true and correct record of

18  proceedings in the United States District Court for the

19  Western District of New York before the Honorable Frank P.

20  Geraci, Jr. on October 24th, 2013.

21

22  S/ Christi A. Macri

23  Christi A. Macri, FAPR-RMR-CRR-CRI
    Official Court Reporter

24

25