1                    UNITED STATES DISTRICT COURT

2                    WESTERN DISTRICT OF NEW YORK

3

4

5   - - - - - - - - - - - - - - X
    DETROY LIVINGSTON,                    08-CV-6576(G)
6                    Plaintiff
    vs.
7                                         Rochester, New York
    JAMES ESGROW, ET AL.,                 October 21, 2013
8                    Defendant.           8:30 a.m.
    - - - - - - - - - - - - - - X
9

10

11                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE FRANK P. GERACI, JR.
12                   UNITED STATES DISTRICT JUDGE

13

14                   DETROY LIVINGSTON, PRO SE

15

16                   NYS ATTORNEY GENERAL OFFICE
                     BY: J. RICHARD BENITEZ, ESQ.
17                   Assistant Attorney General
                     144 Exchange Boulevard
18                   Rochester, New York 14614
                     Appearing on behalf of the Defendants

19

20

21

22

23

24  COURT REPORTER:        Christi A. Macri, FAPR, RMR, CRR, CRI
                           Kenneth B. Keating Federal Building
25                         100 State Street, Room 4240
                           Rochester, New York 14614

**<u>P R O C E E D I N G S</u>**

*   *   *

(**WHEREUPON**, the jury pool is not present).

**THE COURT:** Good morning.

**MR. BENITEZ:** Good morning, Judge.

**MR. LIVINGSTON:** Good morning.

**THE COURT:** Anything before we proceed with jury selection? Mr. Benitez?

**MR. BENITEZ:** Excuse me?

**THE COURT:** Anything before we proceed?

**MR. BENITEZ:** Judge, the only thing I have in terms of jury selection, I would just note for the Court is that -- there's two things I want to address the Court.

One is that one of my clients will not be here present today, his name is Gregory Harvey. He's retired. I had some difficulty tracking him down. He will be present tomorrow, full day tomorrow. That's the first point.

And the second point, Judge, due to the fact of the nature of the case and being a prisoner civil rights case, I just would like to note for the Court that I'm a bit concerned about the jury questionnaires being presented to the -- to the plaintiff in this case because in there there is contact information for each of those jurors. For safety and security reasons, I would request that those be not provided to the plaintiff.

1          **THE COURT:** What contact information are you

2     speaking of?

3               **MR. BENITEZ:**  The jury questionnaires.

4               **THE COURT:** I understand.

09:08:04AM 5          **MR. BENITEZ:**  Every individual there states their

6     residence, there's certain information there, especially with

7     the geographical locations and where they were born.   That's

8     what I'm most concerned about, Judge, especially for their own

9     safety and security, you know, their location -- where they

09:08:29AM 10    reside and any other identifying information, that would be a

11    concern of mine, you know, I just wanted to note that to the

12    Court.

13              **THE COURT:** Okay, thank you.   Just for the record,

14    the questionnaire does not list their residence, but simply

09:08:46AM 15    indicates what town, city, village, geographical area in which

16    they live.   I think the plaintiff would be entitled to know

17    that, so I'm not going to redact that information.

18              Mr. Livingston, anything you wanted to say?

19              **MR. LIVINGSTON:**  Yes, is this appropriate time for

09:09:06AM 20    me to object to some of the -- because I just received the

21    defendants' exhibit list and there's some things that I want

22    to bring to your attention that I would like to object to,

23    like Exhibit No. 404 of the defendants' exhibit list, Superior

24    Court Appellate Division, Third Department Memorandum and

09:09:36AM 25    Judgment.

1        That right there I would like to object to that

2   being -- because it's not relevant.  It's like another

3   person's opinion of the case that's being tried today.

4        **THE COURT:** Mr. Benitez, on that issue?

09:10:15AM 5        **MR. BENITEZ:**  Yes, on that issue, Judge, twofold.

6   One, that Memorandum and Judgment relates to his judicial

7   appeal process through the Article 78 process through the New

8   York State court system.   It is a review and appeal of the

9   decision, disciplinary decision, which was affirmed.   It

09:10:40AM 10  should be given collateral estoppel, in fact, preclusion on

11  any of the elements that he presents in terms of what was

12  addressed in that Memorandum and Judgment, specifically he

13  argues -- he argued before the Appellate Division, Third

14  Department that he was deprived adequate employee assistance

09:11:07AM 15  and denied the right to present witness testimony, and the

16  Court in that instance found those arguments to be unavailing.

17        I believe that this particular decision is a public

18  record, it's admissible, the Court can take judicial notice of

19  that.  It goes to one of the elements of the due process claim

09:11:28AM 20  here.   I believe that it's entitled to collateral estoppel.

21        **THE COURT:** If it is, why don't you make a motion

22  along those lines?

23        **MR. BENITEZ:**  Well, at the time that -- by the time

24  that the Court scheduled this for trial, the dispositive

09:11:45AM 25  motion deadlines were already expired.

1          And, two, Judge --

2          **THE COURT:** That's not quite true because you

3 filed one regarding Goord that I entertained and made a

4 decly decision.

09:11:54AM 5          **MR. BENITEZ:**  On that particular -- on Goord I

6 thought there was a specific unique reason for that.  There

7 was an exception to that because at the time Goord was a new

8 defendant and a new party to the case.   So the way I

9 understood the rules, Judge, was that Goord would have been

09:12:10AM 10 entitled to filing a dispositive motion.

11          However, I didn't understand that to be -- that the

12 rest of the parties could open up the scheduling order to

13 follow dispositive motion on that issue.

14          There were also -- there were also pending motions

09:12:25AM 15 by the plaintiff regarding the addition of plaintiff's -- in

16 this case, which I felt should have been resolved before any

17 final -- before this matter was to be presented to trial.

18          However, Judge, that goes -- his argument is

19 more -- I'm not saying that he's -- it's not res judicata.

09:12:57AM 20          **THE COURT:** He's not precluded from raising those

21 issues.

22          **MR. BENITEZ:**  On the legal claim he's not

23 precluded, but in terms of the Findings of Fact and of Law he

24 is precluded under the collateral estoppel.

09:13:08AM 25          So that goes to the admissibility of -- that goes

1  to his -- the admissibility of this particular exhibit.  It

2  doesn't go to precluding the due process claim in itself.   I

3  do have case law to --

4          **THE COURT:** Why don't you provide me case law,

09:13:22AM 5  provide Mr. Livingston the case law.

6          At this time I will reserve on your objections,

7  Mr. Livingston.   I think it could be a valid objection.

8          Anything else?

9          **MR. LIVINGSTON:**  Yes.

09:13:33AM 10          **THE COURT:** If you could speak up and talk into the

11  microphone so the reporter can hear you?  Thank you.

12          **MR. LIVINGSTON:**  Yeah, there's another objection I

13  wanted to make about his -- about his charge, his instruction.

14  He --

09:13:58AM 15          **THE COURT:** Well, we'll handle that at a later time.

16  Instructions, there will be a point where we were go in detail

17  through the instructions.  It really doesn't make sense to do

18  that yet until we hear the evidence and see where we are with

19  the proof.

09:14:14AM 20          **MR. LIVINGSTON:**  Okay.

21          **THE COURT:** I'll certainly raise that again.  Make a

22  note to yourself to make sure you raise that again and we'll

23  handle that issue.

24          **MR. LIVINGSTON:**  Okay.

09:14:21AM 25          **THE COURT:** Anything else?

1          **MR. LIVINGSTON:**  That's it.

2          **THE COURT:** Anything else, Mr. Benitez?

3          **MR. BENITEZ:**  Nothing further, Your Honor.

4          **THE COURT:** Okay.   We have present the defendants

09:14:31AM 5 William Bills seated next to Mr. Benitez; is that right?

6          **DEFENDANT BILLS:** I'm in the back row.

7          **THE COURT:** Back row.  Keith Dubray in front?

8          **DEFENDANT DUBRAY:** Yes.

9          **THE COURT:** William Bills behind him.  Then we have

09:14:48AM 10 Renee Gates behind Mr. Esgrow?

11          **DEFENDANT GATES:** Yes, sir.

12          **THE COURT:** And then Nancy Whitten?

13          **DEFENDANT WHITTEN:** Yes.

14          **THE COURT:** Mr. Gregory Harvey is not here today.

09:15:01AM 15 Okay.   All right, we'll bring the jury out and begin jury

16 selection.

17          So you know, Mr. Livingston, we'll bring out the

18 jury, we'll fill the jury box with 16 individuals.  The Court

19 will ask them a series of questions.  When I'm done with the

09:15:17AM 20 questions, then I'll give both parties the opportunity to

21 approach the bench.   If you want me to ask any additional

22 questions or if you need any follow-up, I'll entertain that at

23 that point.

24          Once the questioning is done, at that point then

09:15:33AM 25 the courtroom deputy will supply each side with this sheet

1    regarding peremptory challenges.

2              Do you have it yet?

3              **THE CLERK:** Yes.

4              **THE COURT:** It will be presented to the parties

09:15:44AM 5   individually per round.   I would ask you just put a name or a

6    number or both in that particular slot for that round and only

7    that round.   If you do not make a challenge during a

8    particular round, then you waive your challenge for that

9    round.   Each party will have four peremptory challenges.

09:16:09AM 10             Subsequent to that, we'll have eight jurors left,

11   and those individuals will be sworn -- the first eight

12   individuals left will be sworn as the jury.

13             What I expect to happen today is to select the

14   jury, provide the jury with preliminary instructions and have

09:16:26AM 15  opening statements.   We should be able to accomplish that

16   this morning.   And then we would begin proof tomorrow

17   morning, okay?

18             **MR. LIVINGSTON:**  Yes.

19             **THE COURT:** All set?  Great.

09:16:36AM 20            **MR. LIVINGSTON:**  Ready.

21             **THE COURT:** Bring the jury in.

22             **THE CLERK:**  We just called for them.

23             **THE COURT:** Okay.   Mr. Livingston, you don't have

24   any witnesses; is that right?

09:16:55AM 25            **MR. LIVINGSTON:**  I thought you granted Ms. Megan

1  Doherty?

2              **THE COURT:** Who?

3              **MR. LIVINGSTON:**  Doherty.

4              **THE COURT:** Did you notify her or do anything --

09:17:13AM 5              **MR. LIVINGSTON:**  I wrote her a letter and told her

6  I --

7              **THE COURT:** Is that the one witness that you're

8  calling?

9              **MR. LIVINGSTON:**  Yes, I would like to call her.

09:17:22AM 10              **THE COURT:** What's the purpose for that?

11              **MR. LIVINGSTON:**  She's aware of certain letters

12  that were sent to me at the time that this incident occurred,

13  and I want to ask her about the directive says that they send

14  letters to them telling them that I'm out to court; and also I

09:17:51AM 15  would like to ask her about certain practice where she's a

16  lawyer and at the time she --

17              **THE COURT:** Have you heard back from her at all?

18              **MR. LIVINGSTON:**  I didn't hear you.

19              **THE COURT:** Have you heard back from her?

09:18:02AM 20              **MR. LIVINGSTON:**  No.  When I wrote her the letter,

21  I was on my way up here from Green Haven.

22              **THE COURT:** Okay, we'll wait and see what happens.

23              (**WHEREUPON**, void dire was reported, but not

24  transcribed).

11:18:30AM 25              **THE COURT:** Mr. Livingston, anything?

1          **MR. LIVINGSTON:**  I have to read this.

2          **THE COURT:** Not on this case, just any other issues?

3          **MR. LIVINGSTON:**  Yeah, I was thinking about

4    being -- I think me being handcuffed in front of the jury is

11:18:48AM 5    very prejudicial.

6          **THE COURT:** I don't think you're -- he hasn't been

7    handcuffed in front of the jury, has he?

8          **MR. LIVINGSTON:**  Yes, I have, Your Honor, when --

9    the first time you broke, they handcuffed me right there in

11:18:59AM10    front of the jurors.

11          **DOCS GUARD:**  Some of the jurors left, some didn't.

12          **MR. LIVINGSTON:**  Even when they left, I walked

13    through the hallway, they was right there.

14          **THE COURT:** Well, it's not going to be an issue now

11:19:08AM15    because the jury will have left the room any time we recess.

16    I want to make sure that's the situation, okay?

17          **MR. LIVINGSTON:**  Okay.

18                              *    *    *

19

20

21

22

23

24

25

**<u>CERTIFICATE OF REPORTER</u>**

        In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court for the Western District of New York before the Honorable Frank P. Geraci, Jr. on October 21st, 2013.


<u>S/ Christi A. Macri</u>

Christi A. Macri, FAPR-CRR
Official Court Reporter